UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY CANTY,                          :
                                        :
                Petitioner              :       CIVIL NO. 1:CV-14-2015
        vs.                             :
                                        :       (Judge Caldwell)
DAVID J. EBBERT,                        :
                                        :
                Respondent              :


*M E M O R A N D U M*

      Anthony Canty, an inmate at the United States Penitentiary in Lewisburg, Pennsylvania, filed this pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with a motion to proceed in forma pauperis and a motion for a temporary restraining order.  We will grant the in forma pauperis motion, deny the motion for a temporary restraining order, and dismiss the 2241 petition without prejudice.

      The petition claims that the Bureau of Prisons is deducting from his prison account more than the 20 per cent of the balance per month permitted by 28 U.S.C. § 1915(b)(2) to pay the filing fees for his various lawsuits.  While he admits to owing more than $1,050 in filing fees pursuant to 28 U.S.C. § 1915(b)(1) and (2), he seeks to be refunded any funds withdrawn from his account in excess of the 20 per cent limitation.  His current inmate trust fund balance is 22 cents.

      We will dismiss the Petition without requiring an answer from Respondent, as authorized by Rule 4 of the Rules Governing Section 2254 Cases for the United States District Courts, made applicable to § 2241 actions by Rule 1 of those rules.

Federal prisoners may use a petition for habeas corpus to challenge "the validity of the fact or length of their confinement," *Preiser v. Rodriguez*, 411 U.S. 475, 490, 93 S.Ct. 1827, 1836, 36 L. Ed. 2d 439 (1973), such as when a challenge is made to prison disciplinary proceedings that affect the length of confinement by depriving the prisoner of good-time credits. *Muhammad v. Close*, 540 US. 749, 750, 124 S.Ct. 1303, 1304, 158 L. Ed. 2d 32 (2004). In addition, when a prisoner seeks a "quantum change" in the level of custody, for example, when a prisoner claims to be entitled to probation or bond or parole, habeas is the appropriate form of action. *See Woodall v. Federal Bureau of Prisons*, 432 F.3d 235, 241-244 (3d Cir. 2005).

Canty is not presenting this type of claim. He is instead challenging the deduction of filing fees from his prisoner account. Inmates have a property interest in the balances held in their prison accounts that entitles them to some measure of due process protection before the accounts can be seized, assessed, or otherwise impaired, *Montanez v. Sec'y Pa. Dep't of Corr.*, ____ F.3d ____, ____, 2014 WL 5155040, at *7 (3d Cir. 2014), but such a due process claim is not cognizable in a habeas action. It must instead be presented in a civil rights action.

In reaching this determination, we are mindful that Canty is not challenging any fines or restitution imposed upon him by his sentencing court; such a claim would sound in habeas as it seeks to undermine the validity of his criminal sentence. *See Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012). The petition will therefore be

dismissed, but without prejudice to bringing the claim in a civil rights action.

We will issue an appropriate order.


 /s/ William W. Caldwell
William W. Caldwell
United States District Judge


Date: October 30, 2014